## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTONIO DEWAYNE HOOKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-00592-PRW |
| | ) | |
| SCOTT CROW, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court are United States Magistrate Judge Suzanne Mitchell's "Report & Recommendation" (Dkt. 22) and Petitioner's "Objection" (Dkt. 23). For the reasons that follow, the Court **ADOPTS** Magistrate Judge Mitchell's Report and Recommendation and **DISMISSES** Petitioner's "Petition Under 28 U.S.C. § 22554 for a Writ of Habeas Corpus" (Dkt. 1).

On June 9, 2021, Petitioner filed a petition for writ of habeas corpus—using a form labeled for 28 U.S.C. § 2254—challenging the revocation of his prior suspended sentence. The Court referred this matter to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).[1]

Since "[a] state prisoner's challenge to the revocation of a suspended sentence is properly brought under § 2241," Petitioner's petition is construed as a § 2241 petition. On

---

[1] *See* Enter Order (Dkt. 4).

January 21, 2022, Magistrate Judge Mitchell issued her "Report & Recommendation" (Dkt. 22), recommending that the Court dismiss the petition as an unauthorized second or successive habeas petition that abuses the writ of habeas corpus, where Petitioner showed neither good cause for his failure to bring these claims in his earlier habeas petition nor that dismissing this petition would result in a fundamental miscarriage of justice.[2]

Petitioner was advised of his right to file an objection to the Report & Recommendation on or before February 11, 2022, and availed himself of that right with his "Objection" (Dkt. 23). In his Objection, Petitioner repeats a single argument that was not originally raised in the habeas petition but in his "Reply" (Dkt. 21). He argues that the state court judge presiding over Petitioner's revocation was in violation of the judicial code of ethics at the time of the revocation proceeding and that it would be a fundamental miscarriage of justice to not entertain Petitioner's claims.

After reviewing this matter de novo, the Court agrees that the Petitioner's petition for writ of habeas corpus should be dismissed for the reasons set forth in Magistrate Judge Mitchell's Report & Recommendation. All substantive claims raised in the petition were available to Petitioner at the time of his earlier habeas petition and it was Petitioner's choice to delete the unexhausted claims rather than receive a stay or dismissal without prejudice while he exhausted those claims.[3] Petitioner has not demonstrated good cause for his failure to bring these claims in the first habeas petition. The government has carried its burden

---

[2] R&R (Dkt. 6) at 1.

[3] *See* Order (Dkt. 18, Ex. 5); Letter (Dkt. 18, Ex. 6).

proving that this petition is an abuse of the writ of habeas corpus. Petitioner has not presented the strong evidence of actual innocence necessary to fall into the "narrow exception" that overcomes abuse of the writ.[4] Petitioner's newly-presented argument does not alter this outcome, since it was not presented in the petition and "arguments advanced for the first time in a reply brief are waived."[5] Furthermore, Petitioner's Objection—raising a new claim about the state court judge's alleged violation of the judicial ethical code of conduct—is not responsive to the Magistrate Judge's conclusion that the substantive claims raised in the petition qualify as abuse of the writ.

Accordingly, the Court **ADOPTS** in full the Report & Recommendation (Dkt. 22) issued by Magistrate Judge Mitchell on January 21, 2022, **DISMISSES** Petitioner Hooks' Petition for a Writ of Habeas Corpus (Dkt. 1).

**IT IS SO ORDERED** this 14th day of February 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[4] *Andrews v. Deland*, 943 F.2d 1162, 1186 (10th Cir. 1991) *superseded by statute on other grounds*, 28 U.S.C. § 2244(b)(2)(A); *see also Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010) (holding "the abuse of the writ doctrine continued to apply to habeas petitions that raised new grounds for relief" even after the statutory amendment of § 2244).

[5] *Eaton v. Pacheco*, 931 F.3d 1009, 1025 n.15 (10th Cir. 2019).